## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**PATRICIA KENNEDY,**
**Individually**

      Plaintiff,               **CASE NO.: 6:17-cv-01047-RBD-GJK**
_____/

vs.

**BEACHSIDE COMMERCIAL**
**PROPERTIES, LLC, a Florida Limited**
**Liability Company; COCOA BEACH SURF**
**COMPANY, a Florida Corporation**
      Defendant.
_____/

### DEFENDANTS – BEACHSIDE AND COCOA BEACH SURF'S MOTION TO DISMISS TO PLAINTIFF – KENNEDY'S AMENDED COMPLAINT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Defendants, **BEACHSIDE COMMERCIAL PROPERTIES, LLC,** a Florida Limited Liability Company ("BEACHSIDE") and **COCOA BEACH SURF COMPANY**, a Florida Corporation ("COCOA BEACH SURF") files this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), to the Amended Complaint filed by Plaintiff, **PATRICIA KENNEDY** ("KENNEDY"), or in the alternative Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 12(d), and states as follows:

### INTRODUCTION

Kennedy filed a complaint against BEACHSIDE and COCOA BEACH SURF, on June 8, 2017 (doc. 1). BEACHSIDE and COCOA BEACH SURF were served on June 14, 2017. This Court dismissed the Complaint without prejudice and directed Plaintiff to file an amended complaint on or before June 12, 2017 (doc. 7). KENNEDY did not file an Amended Complaint; hence the Court dismissed the action with prejudice on June 27, 2017

(doc. 8). KENNEDY from relief from the June 27 Order (doc. 9), which was granted by the Court (doc. 10). KENNEDY filed an Amended Complaint (doc. 11), which purports to remedy the deficiencies set forth in the Court's sua sponte Order (doc. 7). KENNEDY lacks standing to bring the underlying claims and further the complaint fails to state a claim, which relief can be granted.

KENNEDY has been a Plaintiff in over 194 cases in the Middle District alone, since 2006, based on her own interrogatories filed with the court in separate ongoing actions. In 2004, Judge Conway, in *Brother v. Tiger Partner, LLC,* 331 F.Supp.2d 1368, 1375 (M.D. Fla. July 6, 2004), acknowledged the following with respect to the growing ADA caseload in the Middle District:

> [T] means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals). This is particularly the case in the Middle District of Florida where the same plaintiffs file hundreds of lawsuits against establishments they purportedly visit regularly. This type of shotgun litigation undermines both the spirit and purpose of the ADA. (internal citations omitted).

Kennedy has a well-documented record as a serial filer of ADA complaints throughout Florida, which is emblematic of the "cottage industry" that Judge Presnell of this Court disapproved of in 2004. Judge Presnell in, *Rodriguez v. Investo, L.L.C.,* 305 F.Supp.2d 1278, 1281-82 (M.D. Fla. February 24, 2004), stated the following with regards to claims similar to the instant matter:

> Why would an individual like Plaintiff be in such a rush to file suit when only injunctive relief is available? Wouldn't conciliation and voluntary compliance be a more rational solution? Of course, it would, but pre-suit settlements do not vest plaintiffs' counsel with an entitlement to attorneys' fees. Moreover, if a plaintiff forbears and attempts pre-litigation resolution, someone else may come along and sue first. The current ADA lawsuit binge is therefore, essentially driven by

> economics—that is, the economics of attorney's fees. (internal citations omitted).

When dismissing KENNEDY's Original Complaint (doc. 1), this Court noted:

> The confusion created by the Complaint is a reoccurring problem in suits filed by Plaintiff within this District. This problem is exasperated by Plaintiff's practice of collectively referring to multiple defendants as a single entity, failing to distinguish between the violations occurring at discrete properties until prompted, lumping related violations into a single count, and **repeatedly filing slightly altered versions of the same complaint, in which she merely changes the property name, address, and owner/lessee.**
>
> While the Court is unsure of the solution, one thing is clear: **Plaintiff's Complaint constitutes an impermissible form of shotgun pleading**. As the Court has informed Plaintiff before, she cannot continue to assert "multiple [violations] against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" without consequence. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Indeed, such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to each Defendant and, **in turn, fail to give Defendants adequate notice of the relevant violations asserted against them.** *See id.* Hence Plaintiff must replead. (emphasis added) (doc. 7).

KENNEDY's Amended Complaint, split the broad alleged ADA Violations and identified BEACHSIDE, as the owner, and COCOA BEACH SURF, as the lessee; however the Complaint still fails to articulate and/or state a claim, whereby BEACHSIDE and COCOA BEACH SURF can articulate a responsive pleading. Recently, the Tampa Division of the Middle District of Florida, addressed the definition of a "shotgun pleading" in, *WILLIAM NEGRON, Plaintiff, v. SELENE FINANCE, LP & CITIMORTGAGE, INC., Defendants.*, 8:16-CV-2231-T-36MAP, 2017 WL 2721827, at *3 (M.D. Fla. June 23, 2017), stating:

> Shotgun pleadings "incorporate every antecedent allegation by reference into each subsequent claim for relief." *Wagner*

> *v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). **"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' "** *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008). Complaints that are "disjointed, repetitive, disorganized and barely comprehensible" also constitute shotgun pleadings. *Id*. at 276. In the event of a shotgun pleading, the court should strike or dismiss the complaint and instruct Plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 995, 984 (11th Cir. 2008). (emphasis added).

The deficiencies in KENNEDY's Amended Complaint are described in further detail below. Additionally, the facts relating to KENNEDY and the underlying Amended Complaint in this action demonstrate that Plaintiff lacks standing to bring this claim and further the Complaint fails to state a claim upon which relief can be granted. Federal courts in Florida have dismissed claims like this one with regularity due to their inability to demonstrate there is a concrete and particularized threat of future injury.

<u>FAILURE TO STATE A CLAIM</u>

KENNEDY's Complaint is a form pleading, which is completely vague without statements of ultimate fact, as to what goods and services that were to denied to her by the defendants, the Complaint lacks any specific date and/or time that KENNEDY visited the defendant's businesses, the Complaint further purports that KENNEDY is filing the Complaint on behalf herself and "on behalf of all others similarly situated." KENNEDY further pleads in the alternative that she visited the Defendants' places of business to avail herself to their goods and service or alternatively holds herself out to be "tester." Based on KENNEDY's history of countless ADA lawsuits, she may in fact be a tester; however a person cannot be both a bona fide patron or in the alternative tester. Additionally

KENNEDY, claims that she represents similarly situated persons, but fails to identify any particular group.

Generally notice pleading is all that is required for a valid complaint. *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082, 106 S. Ct. 851, 88 L. Ed. 2d 892 (1986). Under Rule 8's notice pleading standard, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the *factual* grounds upon which it rests. See *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). On the other hand, courts and litigants are not required to guess if unstated facts exist that establish jurisdiction or entitlement to relief sought. *Bochese v. Town of Ponce Inlet*, 405 F. 3d 964, 974 (11th Cir. 2005); *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F. 3d 1263 (11th Cir. 2003); *Barberi v. Contreras Energy, LLC*, 2017 U.S. Dist. LEXIS 13943 (S.D. Fla. 1/31/17); *Bowman v. G.F.C.H. Enterprises*, 2014 U.S. Dist. LEXIS 148988 (S.D. Fla. 2014). Neither courts nor litigants are required to accept conclusory allegations of law.

KENNEDY's Complaint is surely a conglomerate of conclusions of law. The Complaint fails to even identify which "barriers" she specifically faced. Due to the vagueness with which the Amended Complaint was drafted, it also lacks allegations of ultimate fact to establish Plaintiff's standing to raise particular issues involving lack of accessibility to *goods and services*. This is particularly important to her claim since she cannot sue for an injury she did not, herself, suffer. *Brother v. CPL Invs., Inc.*, 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004).

## STANDING

To establish standing under Article III of the Constitution, a plaintiff must allege the following: "(1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-

fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  Here, Plaintiff must demonstrate a "sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Id*. This requires a showing of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Id.* The injury in fact must be: (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  In analyzing the likelihood of future injury, courts consider the following four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012).

All four factors, set forth in *Hoewischer* disfavor KENNEDY: 1) KENNEDY resides ~175 miles away from the defendants place of business; 2) KENNEDY's complaint only identifies this single visit to this establishment; 3) KENNEDY only provides generalized allegations of her wish to return to these establishments; and 4) KENNEDY has failed to make any allegation of the frequency at which she travels near to the defendant, in fact based on the litigation history of KENNEDY it would be next to impossible that she frequents the "near vicinity," but on rare occasion.

In, *Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1309–10 (M.D. Fla. 2006), the Court used 8 factors argued by the defense to determine that the defendant lacked the requisite concrete and specific intent to return to the properties that he was suing in his ADA Complaint.  In granting the Defendant's Motion to Dismiss, the Court stated:

> Defendant persuasively argues that Plaintiff Lamb lacks standing to sue Defendant because Lamb as (1) Lamb lives approximately one hour and forty five minutes (75 miles) away from the property; (2) Lamb's contact with the property has been infrequent; (3) Lamb has not been back to the property since filing the complaint; (4) there are other libraries and similar facilities closer to Lamb's home, including a library located only seven miles from his home; (5) Lamb has no connection to the property and no family or friends located near the property; (6) Lamb has no immediate or concrete plans to return to the property, only a nonspecific "wish" to return if the property comes into compliance; (7) Lamb has filed many similar suits throughout a large geographic area; and (8) Lamb has evinced a desire to visit each of the many sites sued, despite the incredibility of such statements. *Id.*

KENNEDY falls short in meeting any of the factors set forth in *Lamb*. Applying these factors to this case: 1) KENNEDY lives approximately 175 miles away from the property (assuming no traffic this is a 3 hour drive from Kennedy's home); 2) KENNEDY's contact with the property is infrequent; 3) KENNEDY has not been back to the property since filing the complaint; 4) there are certainly other clothing establishments closer to KENNEDY's home located in Broward County, FL; 5) KENNEDY has no connection to the property at issue and has not identified any family or friends that she visits with any frequency that reside near the property; 6) KENNEDY has not identified any specific plans to return to the property; 7) KENNEDY has filed a multitude of almost identical lawsuits throughout Florida; and 8) KENNEDY has asserted the same desire to return to each of those properties that she has named in her hundreds of lawsuits, despite the fact that this would be virtually impossible, given the geographic variances.

KENNEDY fails to demonstrate a plan to return to BEACHSIDE or COCOA BEACH SURF or even why she has a want or desire to visit a retailer, three hours away from her home. KENNEDY has failed to show that she faces a real and immediate threat of

future injury, and her Complaint must be dismissed for lack of standing. The shortfalls of KENNEDY's Complaint are incurable. When her Complaint is read in the context of her litigation history, there is no credible conclusion that she faces a real and immediate threat of future injury.

## CONCLUSION

Based on the foregoing authorities, Defendants BEACHSIDE and COCOA BEACH SURF, move this Court to dismiss this matter with prejudice as Plaintiff, KENNEDY, lacks standing and has failed to state a claim where relief can be granted; further this court has already provided KENNEDY with the opportunity to amend her Complaint, thus it would be fruitless to allow her yet another opportunity to amend her "shotgun" pleading.

WHEREFORE, Defendants, BEACHSIDE and COCOA BEACH SURF, respectfully requests that the Court dismiss KENNEDY's Complaint with prejudice, and granting such further relief as the Court deems just and proper, including, but not limited to, attorneys' fees and costs to the extent recoverable under Federal Law.

## **CERTIFICATE OF SERVICE:**

I HEREBY CERTIFY that on July 7, 2017, a true and correct copy of the foregoing has been furnished by CM/ECM delivery to all counsel or parties of record.

*/s/ Jason A. Breslin*_____
**JASON A. BRESLIN**
Fla Bar No: 58264
JBreslin@dsklawgroup.com
SMcAlister@dsklawgroup.com
LMedina@dsklawgroup.com
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue

Orlando, FL 32801
Direct: (407) 992-3556 Asst: (407) 992-3566
Fax No: (407) 422-0970
Attorneys for Defendants