UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,

        Plaintiff,                        Case No. 6:17-cv-01047-RBD-GJK

v.

BEACHSIDE COMMERCIAL PROPERTIES, LLC,
a Florida Limited Liability Company;
COCOA BEACH SURF COMPANY, a Florida Corporation,

        Defendants.
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby files this response in opposition to Defendants' Motion To Dismiss, and states as follows:

**I.    Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hinshon v. King & Spalding*, 467 U.S. 69, 73 (1984). When considering a Motion to Dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the non-moving party. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A very low sufficiency threshold is necessary for a Complaint to survive a Motion to Dismiss. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel.,* 711 F.2d 989, 995 (11th Cir.1983) (noting that "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is…'exceedingly low.'"). Additionally,

the scope of the review must be limited to the four corners of the complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000).

Jurisdictional dismissals on federal question cases are "exceptional." *Bell v. Hood*, 327 U.S. 678 (1946); *Sun Valley Gas, Inc. v. Ernst Enters, Inc*, 711 F.2d 138, 140 (9th Cir. 1983); *Blue Cross v. Sanders*, 138 F.3d 1347 (11th Cir. 1998). In *Blue Cross*,138 F.3d at 1352, the Eleventh Circuit explained that the alleged claim must clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction or must alternatively be "wholly insubstantial and frivolous." The plaintiff's claim must have no plausible foundation and/or must be so patently without merit as to justify dismissal for want of jurisdiction.

Where a motion to dismiss on jurisdictional grounds is essentially a challenge on the merits of an element of plaintiff's claim, dismissal under Rule 12(b) is improper. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529-30 (11th Cir. 1990). In *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003), the Eleventh Circuit held, "the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. If it does, then "the proper course of action for the district court…is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.*

## II. Plaintiff's Complaint States a Cause of Action

The Court must deny Defendant's Motion because (a) Plaintiff satisfies the notice pleading requirement; (b) Plaintiff is not required to provide the amount of detail demanded by Defendants; and (c) Plaintiff's Complaint pleads each element needed for an ADA claim.

### A. Plaintiff Satisfies the Notice Pleading Requirements

Defendants overlook the liberal pleading requirements of Fed. R. Civ. P. 8(a). Pursuant to this Rule, a complaint must contain a short and plain statement showing that the pleader is entitled to relief sufficient to give the fair notice of what the … claim is and the grounds upon which it

rests.  *See also Killingsworth v. HSBC Bank of Nevada*, 507 F.3d 614, 618 (7th Cir. 2007); *Burton v. Ruzicki*, 2007 U.S. App. LEXIS 28419 *9 (7th Cir. 2007) (our notice pleading system requires that complaints contain only a short and plain statement of the claim[.]); *Local 15, IBEW, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007) (same).  In this regard, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Exelon Corp.*, 495 F.3d at 782; *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, (6th Cir. 2007); *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 477 (6th Cir. 2007) (under the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery.); *Thomas v. Unknown EBY*, 481 F.3d 434, 440 (6th Cir. 2007).  Here, Defendants cannot meet their steep burden of proving there are no set of facts in support of Plaintiff's claim.  Just the opposite, Plaintiff has plead sufficient facts for a prima facie case that the Defendants violated the ADA, including various violations observed at the property.  *See* D.E. 11 at ¶¶ 9-10.

### B.  Plaintiff is Not Required to Plead Specific Factual Details

Defendants claim that the Complaint fails to state specific details, such as, time and date she visited the property.  However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which [she] bases [her] claim …To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *see also Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 823 (11th Cir. 2001) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to

the claim being asserted against him and the grounds on which it rests."). As discussed in greater detail below, Plaintiff's Complaint puts Defendants on notice that Plaintiff is making a ADA claim and the violations encountered at the premises. Defendants can more properly determine the additional details sought through discovery, rather than requiring it be plead in the Complaint. Thus, the Court must reject Defendants' claims that Plaintiff's Complaint lacked sufficient detail.

### C. Plaintiff's Complaint Meets the Requisite Elements for an ADA Claim

Plaintiff adequately states a cause of action in her Complaint. In order to state a claim under the ADA, a Plaintiff must allege that she "(1) has a disability; (2) is a qualified individual; and (3) was unlawfully subject to discrimination because of [her] disability." *See Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278,1285 (11th Cir. 1997). Plaintiffs seeking injunctive relief must also allege "a real and immediate" - as opposed to a merely conjectural or hypothetical - threat of *future* injury. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001); *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.2001)). Additionally, in *Aikins v. St. Helena Hospital,* 843 F. Supp. 1329, 1334 (N.D. Cal. 1994), the Court held that an *alleged* violation of the ADA is an injury *sufficient* to give rise to an Article III case or controversy. (emphasis added).

A similar motion to dismiss was rejected in *Harty v. YDB Three Lakes, L.C.*, 0:09-cv-61386-JIC, DE 31, pp. 2-4 (S.D. Fla. 02/02/2010). There, the Court reasoned:

> The Complaint alleges that the 'Plaintiff is bound to ambulate in a wheelchair.'... Plaintiff also alleges that he 'has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public...'... The Complaint further alleges that 'Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and gave endangered his safety. These barriers also prevent Plaintiff from

>returning to the property to enjoy the goods and services available to the public.'... The Complaint then sets forth a number of alleged ADA violations by Defendant's property.... These allegations are sufficient to survive a motion to dismiss and the arguments contained in Defendant's Motion To Dismiss are more appropriate at the summary judgment stage.[1]

In the matter *sub judice*, Plaintiff states each element to for an action under the ADA. First, Plaintiff states she has a disability. Specifically, the Amended Complaint states:

>Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands.

*See* D.E.11 at ¶ 1.

Second, Plaintiff has a qualified disability under the Americans With Disabilities Act of 1990, and all other applicable Federal statutes and regulations because she is limited in her ability to walk and stand. A "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C.A. § 12102 (1)(A). "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, ***walking, standing***, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C.A. § 12102 (2)(A) (emphasis added). Plaintiff's Complaint avers she is a wheelchair and has limited use of her hands. See D.E. 11 at ¶ 1.

---

[1] *See also Houston v. 7-Eleven, Inc.* 8:13-cv-1845-EAK, DE 37 (M.D. Fla. 11/21/13); *Petinsky v. Schuster*, 1:13-cv-23518-CMA, DE 11 (S.D. Fla. 11/19/13); *Exelon Corp.*, 495 F.3d at 782; *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, (6th Cir. 2007); *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 477 (6th Cir. 2007) ("under the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery."); *Thomas v. Unknown EBY*, 481 F.3d 434, 440 (6th Cir. 2007); *Harty v. Simon Property Group*, LP, Case No. 11-110-cv (2nd Cir. June 29, 2011)(holding similar pleadings sufficient to withstand dismissal motion) , *Hoewischer v. Khazraee*, Case No. 2:11-cv-264-J-34MCR (M.D. Fla. DE 15, Nov. 1, 2011)(holding that allegations of similar complaint were sufficient to withstand dismissal); *Kennedy v. McKnight*, 2:16-cv-14185, DE 30 (S.D. Fla. Aug. 15, 2016).

Third, the Complaint alleges in several paragraphs that Plaintiff personally visited the Defendants' premises and was discriminated against because Defendants denied her full and safe access to, and the benefits of, the places of public accommodation by failing to comply with the ADA. For example, Plaintiff's Complaint established this element with the following allegations:

- Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability. D.E. 11 at ¶ 11.

- BEACHSIDE COMMERCIAL PROPERTIES, LLC's violations include, but are not limited to:
    i. Failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii. Failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

    iii. A lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with steps, non-compliant changes in level, obstructions, narrow or blocked passageways, lack of sufficient maneuvering space, lack of required clear floor spaces, inaccessible merchandise, narrow merchandise aisles, hazards on ground surfaces, unsecured floor mats/carpeting.

    iv. An insufficient number of compliant parking spaces and access aisles, with missing signage, lack of compliant signage.

    v. Non-compliant restrooms, with inaccessible commodes, lack of compliant grab bars, missing grab bars, flush controls on wrong side, inaccessible sinks, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off. D.E. 11 at ¶ 9

- COCOA BEACH SURF COMPANY's violations include, but are not limited to:

      i.      Failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

      ii.     Failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

      iii.    Non-compliant restrooms, with inaccessible commodes, lack of compliant grab bars, missing grab bars, flush controls on wrong side, inaccessible sinks, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off. D.E. 11 at ¶ 10

- The Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability. D.E. 11 at ¶ 11.

- Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. D.E. 11 at ¶ 15.

The Court must deny Defendants' Motion to Dismiss because the above allegations satisfy each and every pleading requirement necessary for an ADA discrimination claim.

### III. Plaintiff has Standing to Bring This Action

The Court must also deny Defendants Motion to Dismiss because Plaintiff has the proper standing to bring this action since she often visits the area and intends on returning in the near future. Alternatively, it would be futile to require her to visit the property knowing of the ongoing ADA violations. Finally, Plaintiff has standing as a tester to ensure various properties comply with the ADA.

#### A. Plaintiff Satisfies the Proximity Test Because She Has the Intent to Return in the Near Future

In order to demonstrate standing, a plaintiff must either live in close proximity to the defendant's facilities, or must demonstrate that he or she has visited the facility and/or is likely to visit in the near future. *Gutherman v. 7-Eleven, Inc.*, 278 F. Supp. 2d 1374, 1378 (S.D. Fla. 2003).

The Eleventh Circuit has held that "a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer *future* discrimination by the defendant." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334–35 (11th Cir. 2013) (granting standing because plaintiff visited the Presidente supermarket "twice and encountered the alleged architectural barriers during each visit" despite living in 30.5 miles away). However, "[t]his Court was 'satisfied' that the ... plaintiff's allegation that she would take another cruise aboard defendant's ship 'in the near future' was sufficient to properly allege standing for injunctive relief under Title III of the ADA. *Id.* at 1335l (citing *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000)); *see also Access for the Disabled, Inc. v. Square, LLC,* Case No. 6:07–cv–193–Orl28JGG, 2007 U.S. Dist. LEXIS 99118, at *3–4 (M.D.Fla. Oct. 4, 2007) ("It is not necessary that [the plaintiff] have concrete and specific plans to return in order to establish a threat of future injury so long as [the plaintiff] has a nonspeculative intent to do so."); *Associated Out–Door Clubs, Inc.,* 188 Fed.Appx. 818, 818–20 (Barkett, J., dissenting) ("Especially in the disability context, a 'specific-date/set-plans' standard would produce patently absurd results ... [T]he disabled need not plan their lives in such minute detail and with such vast forethought in order to invoke the ADA's protection.").

Here, Plaintiff meets the standing requirement because has a clear intent to return to the property in the near future. She initially visited the property on or around February 15, 2017 and returned to the property on July 19, 2017. *See* Plaintiff's Sworn Statement attached as Exhibit "A" at ¶ 4. Additionally, Plaintiff frequently travels along the Florida East Coast, including the Cocoa and Cocoa Beach areas for personal reasons and as an ADA tester. *Id.* at ¶ 2. In fact, Plaintiff has been to Florida East Coast ten (10) times in the past several months and at least fifty (50) times over her lifetime. *Id.*  Also, Plaintiff stated in her affidavit that she plans to return to the

Defendants' premises in the near future. *Id.* at ¶ 6. Additionally, Plaintiff did return on July 19, 2017. *Id.* at ¶ 4. As a result, Plaintiff has pled sufficient facts to have standing in this matter because she is likely to engage in future visits to the Defendants' premises.

### B. Plaintiff Has Standing because she Returned to the Property

In this matter Plaintiff did more than merely express an intention to return to the property in the near future, she also ***did in fact return*** to the subject property on July 19, 2017. The Eleventh Circuit has held that "a plaintiff seeking an injunction under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'" *Houston,* 733 F.3d at 1336 (*citing Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001)). Therefore, the Court must deny Defendant's Motion to Dismiss.

### C. Plaintiff's Distance from the Premises Does Not Defeat Standing

The Court should reject Defendant's argument that Plaintiff does not have standing based on the distance she traveled to visit Defendant's facility because (1) this policy is ineffective in a tourist town, and (2) Plaintiff frequently travels to Cocoa Beach and the surrounding area. First, Defendant's place of public accommodation is located in Cocoa Beach, Florida, which derives the majority of its revenue by attracting tourists from all over the world. Defendant's argument invites that Court to restrict the rights of disabled travelers wishing to visit Defendant's place of public accommodation. Such a policy would allow Defendant to discriminate against Plaintiff and other disabled travelers without consequence and without any legal recourse.

Second, Plaintiff satisfies the Proximity Test because of her frequency of travel to the area. As explained in her Affidavit, Plaintiff traveled to the Cocoa Beach area 50 times in her lifetime and 10 times in the past several months, including one visit as recently as July 19, 2017. Thus, Plaintiff dispositively establishes standing.

### D. The ADA Expands Actual Injury To Loss Of Equality Of Opportunity

The fundamental issue addressed in Title III ADA standing analyses is whether there is a 'case or controversy' and, more specifically, 'redressability'. In other words, will the plaintiff benefit from the injunctive relief sought? In this regard, the issue is whether injury is actual *or* imminent. Therefore, Courts must decide whether an *actual injury* is ongoing and continuous or, in the alternative, is imminent and will likely happen again.

In Betancourt v. Ingram Park Mall, 735 F.Supp.2d 587, 602 (W.D. TX 2010), the court held that the injury described by the statute is not limited strictly to the disabled person's actual *encounter* with specific ADA barriers. It is, in fact, far broader. In *Ingram*, the Court succinctly described the views of other courts which applied more limited views of standing:

> In the case of architectural barriers, courts finding a lack of standing unless the plaintiff alleges or proves a concrete plan to return to an establishment to suffer discrimination view the Title III injury as being limited to the plaintiff's actual interactions with the discriminatory barriers at the establishment. While this is undoubtedly an injury under Title III, it is not the only type of injury, and therefore not the only type of discrimination, prohibited by Title III. Rather, the ADA expressly contemplates *loss of opportunity* as an actionable injury. *Id*. (emphasis added).

A disabled plaintiff who establishes discriminatory violations which continue, has met his burden of showing that he is deprived the "*opportunity*" to participate or benefit in the goods and services, etc, which is expressly listed as a violation under 42 U.S.C. Section 12182(b)(1)(A)(I) and (ii). Under 42 U.S.C. Section 12182(b)(1)(A)(I) and (ii), the plaintiff's civil rights are *presently and continuously* being violated because he is deprived the *opportunity* of visiting the premises free of discrimination.

### E. The Existence of Closer Shops Is Irrelevant

The Court should reject Defendant's assertion that Plaintiff has other clothing stores in her areas so she lacks standing. In *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1223

(M.D. Fla. 2012), the Court stated that "[t]he mere existence of other restaurants has no bearing on Plaintiff's intent to return to Defendant's restaurant." *See also* Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1317 (M.D. Fla. 2010), aff'd, 444 Fed. Appx. 412 (11th Cir. 2011) (stating the defendant's suggestion that there were "countless other hotels" in the area had no bearing on the plaintiff's intent to stay at the defendant hotel: "Because Plaintiff *could* visit another hotel does not overcome his stated desire to have access to this hotel."). Similarly, Plaintiff's desire and intent to return cannot be eliminated by the existence of closer clothing stores.

### F. Defendants' Argument the Plaintiff Does Not Have Time to Return Should Be Rejected

Defendant erroneously argues that Plaintiff has filed so many lawsuits that she could not possibly return to the property. Courts have rejected this argument as inappropriate for a Motion to Dismiss. When addressing the same argument, the Court in *Hoewischer* noted that "when reviewing a motion to dismiss, 'the court limits its consideration to the pleadings and exhibits attached thereto.'" *Hoewischer*, 877 F. Supp. 2d at 1223–24; *see also Hirsch v. Hui Zhen Huang,* No. 10 Civ. 9497(LTS), 2011 WL 6129939, at *3 (S.D.N.Y. Dec. 9, 2011) (holding that because the defendant's arguments regarding the plaintiff's litigation history were "based on evidentiary proffers outside of the pleadings," the arguments did not provide a proper basis at the complaint stage for dismissal). "Further, even if the alleged lawsuits were considered, "it is plausible that Plaintiff visited a number of businesses in his locale, wished to frequent each business, but encountered disability discrimination." *Id.* Providing Plaintiff every reasonable inference, the courts have noted "it is plausible that Plaintiff visited a number of businesses in his locale, wished to frequent each business, but encountered disability discrimination." *Campbell v. Grady's Bar, Inc.*, 0:10-CV-60648-LSC, 2010 WL 2754328, at *3 (S.D. Fla. July 12, 2010). Therefore, Defendants' Motion must be denied.

### G. Plaintiff has Standing Because It Would be Futile to Visit the Property

The Court should, alternatively, deny Defendants' Motion because Plaintiff is not required to revisit the premises if it would be futile to gain access. The ADA statute states "[n]othing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." 42 U.S.C.A. § 12188. The Middle District has held that "a plaintiff should not be required to make continuous 'futile' future attempts to enter the facility." *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010), aff'd, 444 Fed. Appx. 412 (11th Cir. 2011). "Instead… 'the existence of a private right of action ... does not depend upon how many attempts a plaintiff has made to overcome a discriminatory barrier, but, rather, upon *whether the barrier remains in place*.'" *Id.* at 1319 (quoting *Dudley v. Hannaford Bros. Co.,* 333 F.3d 299, 305 (1st Cir.2003). In *Clark v. McDonald's Corp.,* the Court correctly stated:

> If the "futile gesture" language of Title III is to mean anything, it means that those in [plaintiff's] position may sue to bring into compliance with the ADA places of public accommodation that they know are non-compliant, without having to allege an intention to return to such places before their lawsuits can have the effect of forcing compliance.
> …
> To the extent [plaintiff] is presently "discouraged from patronizing" the restaurants he has visited on account of his "aware[ness] of the discriminatory barriers [he] will encounter there," such discouragement constitutes an actual and existing injury from which any perceived absence of imminent future harm cannot detract.
>
> …
> Stated otherwise, today's deterrence from visiting a place of public accommodation known to be out-of-compliance with the ADA can constitute an actual and present injury as surely as tomorrow's visit to the same location can constitute a threatened and imminent one. The showing of imminence … is simply unnecessary to the extent Clark seeks injunctive relief to remedy today's "actual harm," or "continuing, present adverse effects" from his past exposure to Defendants' allegedly illegal conduct.

*Clark v. McDonald's Corp.*, 213 F.R.D. 198, 229 (D.N.J. 2003) (internal citations omitted). Similarly, the ninth circuit has determined "allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).

In the matter *sub judice*, Plaintiff's visited the premises on two occasions and there were the same barriers to access on each visit. Any further visits to Defendants' premises would be futile. After Plaintiff's first visit the Defendants' facilities, she had actual notice of the violations. It would be a futile gesture to require her to return to the premises to continue experiencing the unchanged barriers to access and discriminatory conduct. Here, the Plaintiff sufficiently claims that she was on actual notice of the barriers to access at Defendants' premises. For example, the Complaint states that "[t]he Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability." D.E. 11 at ¶ 11. Further, the Complaint states that it would be futile for Plaintiff to return to the premises while the violations remain outstanding. Specifically, the Complaint states as follows:

- "Plaintiff is continuously aware of the violations at Defendants' facilities and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination." D.E. 11 at ¶ 14.

- "The violations present at Defendants' facilities infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facilities. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering

> the discriminatory conditions at Defendants' facilities, and knowing that it would be a ***futile gesture*** to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public. D.E. 11 at ¶ 15 (emphasis added).

Based on the plain allegations in the Complaint, Plaintiff properly pleads that it would be futile to return to the property. Therefore, Plaintiff meets the requirements the Court must deny the Motion to Dismiss.

### H. Plaintiff has Standing as a Tester

The Court must deny Defendants' Motion to Dismiss because Plaintiff was an ADA tester. Courts have allowed ADA testers to have standing. *See Dunn v. Gleason Four, Inc.*, 35 NDLR P 143 (M.D. Fla. 2007) (holding "[t]he Court finds, at this stage of the proceedings, that plaintiff has sufficiently pled standing individually and as a 'tester,' and therefore, the motion to dismiss will be denied."); *see also Disability Advocates & Counseling Group, Inc. v. 4SK, Inc.,* 6:04-cv-327-Orl-31JGG, Doc. # 49, p. 17 (M.D. Fla. April 6, 2005); *Norkunas v. Seahorse NB, LLC*, F. Supp. 2d 1313, 1316 (M.D. Fla. 2010), aff'd, 444 Fed. Appx. 412 (11th Cir. 2011); *Tandy v. City of Wichita,* 380 F.3d 1277, 1287 (10th Cir.2004) (the Tenth Circuit found standing for "testers" to sue under the ADA). In *Norkunas*, the district court applied tester standing to ADA cases because the Eleventh Circuit "has recognized the standing of a tester to pursue a lawsuit under the Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq.,* as well as under 42 U.S.C. § 1982." *Id.*; *see also Watts v. Boyd Properties,* 758 F.2d 1482, 1485 (11th Cir.1985) (noting that "even if a tester is motivated solely by the desire to challenge the legality of allegedly discriminatory practices, this is a sufficient purpose to confer standing" under 42 U.S.C. § 1982); *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373–74, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (holding that both testers

and non-profit organizations have standing to bring claims under 42 U.S.C. § 3604(d)). Further, other Middle District of Florida cases have "applied the Eleventh Circuit's rationale to confer tester standing under the ADA as well." *Id.* (*citing Lucibello v. McGinley,* 2008 U.S. Dist. LEXIS 10433, 2008 WL 398981 (M.D.Fla. Feb. 12, 2008); *Access for the Disabled, Inc. v. Square, LLC,* 2007 U.S. Dist. LEXIS 99118, —— WL —— (M.D.Fla. Oct. 4, 2007); *Dunn v. The Gleason Four, Inc.,* 2007 U.S. Dist. LEXIS 62140, 2007 WL 2447020 (M.D.Fla. Aug. 23, 2007); *Bruni v. Fine Furniture by Gordon's, Inc.,* 2007 U.S. Dist. LEXIS 120, 2007 WL 28341 (M.D.Fla. Jan. 3, 2007); *Disability Advocates & Counseling Group, Inc. v. 4SK, Inc.,* 2005 U.S. Dist. LEXIS 44389, —— WL —— (M.D.Fla. Apr. 6, 2005)).

Additionally, there is no requirement that a disabled person be a *bona fide* patron or customer. *See PGA Tour v. Martin*, 532 U.S. 661, 678-79 (2001) ("Title III's broad general rule contains no express 'clients or customer' limitation"); *Molski v. M.J. Cable, Inc.*, 481 F. 3d 724 (9th Cir. 2007) ("Molski did not need to have been a client or customer of Cable's to be an 'individual' entitled to the protections of Title III. One need not be a client or customer of a public accommodation to feel the sting of discrimination"). However, in the Amended Complaint Plaintiff plead in the alterative. Rule 8(d)(2) of the Federal Rules of Civil Procedure states "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." As a result, Plaintiff is permitted to claim she is both a tester and a *bona fide* patron in order to sustain an action.

Here, Plaintiff not only brings this action on her own behalf, but also as an advocate for the rights of similarly situated individuals. Specifically, the Complaint states, "Plaintiff is an advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of

asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." D.E. 1 at ¶ 11. Therefore, Defendants' Motion to Dismiss must be denied because Plaintiff has standing to bring these claims and obtain injunctive relief.

### IV. Designating Plaintiff as a Serial Litigant is Irrelevant to Her Standing to Sue

Defendants make the same tired argument advanced in virtually every other motion to dismiss, namely that Plaintiff's other lawsuits are relevant to this action. Defendants, however, overlook the fact that disabled plaintiffs and their attorneys are critical to the enforcement of the ADA and, without them, the ADA would be effectively dead. *See Hensley v. Eckerhart*, 461 U.S. 424, 445(1983) ("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.").

The "serial litigant" argument has been widely rejected. In *Antoninetti v. Chipotle Mexican Grill, Inc.*, 614 F.3d 971 (9th Cir. 2010), cert denied, 2011 WL 645276 (79 USLW 3514, April 18, 2011) the Ninth Circuit held that a disabled plaintiff's history of prior litigation cannot be considered against him. In *Antoninetti*, it was found that the plaintiff had filed twenty (20) prior actions and never returned to any of the prior establishments after settlement was reached. Nonetheless, the court held:

> Courts must tread carefully before construing a Disability Act plaintiff's history of litigation against him. As we have noted more than once, "[f]or the [Disabilities Act] to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the [Disabilities Act]." [Citations omitted]. We must therefore be particularly cautious regarding credibility determinations that rely on a plaintiff's past [Disabilities Act] litigation.

614 F.3d at 980.  In *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir. 2008)(J. Gould, Concurring), it was stated: "Similarly, we accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodation as required by the Americans with Disabilities Act ("ADA"), even if we suspect that such plaintiffs are hunting for violations just to file lawsuits." *See also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061-62 (9th Cir. 2007) ("For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.").

Indeed, the Eleventh Circuit held that testers have standing under Title III of the ADA.  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (2013). In that regard, the Eleventh Circuit stated: "It is not unprecedented in this country for advocacy groups and individual members of advocacy groups to find it necessary to file a long trail of lawsuits in federal courts to enforce legal and civil rights". *Id.* at 1326.  Therefore, the number of prior complaints by Plaintiff is irrelevant and should not be consider when deciding Defendants' Motion to Dismiss.

### V.     Conclusion

Based on the forgoing facts and legal arguments, and sworn statement submitted, the Court must deny the Defendant's Motion to Dismiss.

Date: July 21, 2017

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record 21st day of this July, 2017.

Respectfully submitted,

Attorneys for Plaintiff:

Aaron Finesilver, Of Counsel
Thomas B. Bacon, P.A.
100 N. Biscayne, Suite 1300
Miami, FL 33132
Telephone: (305) 702-8355
Fax: (305) 503-7374
Aaron@finesilverlaw.com
Florida Bar Number: 577022

By: /s/ Aaron Finesilver
AARON FINESILVER, ESQ.

Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 13926