UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                            Case No. 6:17-cv-1047-Orl-37GJK

BEACHSIDE COMMERCIAL
PROPERTIES, LLC.; and COCOA
BEACH SURF COMPANY,

    Defendants.

## ORDER

In the instant action, Defendants move to dismiss Plaintiff's Amended Complaint (Doc. 11) for failure to state a claim and lack of standing, or, alternatively, Defendants move for summary judgment. (Doc. 15 ("**MTD**").) Plaintiff opposed (Doc. 22 ("**Response**")), and the matter is now ripe for adjudication. For the following reasons, the Court finds that Defendants' motion to dismiss for lack of standing is due to be granted.

### I.    BACKGROUND

Plaintiff initiated this action against Defendants under Title III of the Americans with Disabilities Act ("**ADA**"), seeking a declaratory judgment and injunctive relief. (Doc. 11 ("**Amended Complaint**").) In her Amended Complaint, Plaintiff alleges that Defendants violated the ADA by failing to provide adequate facilities at a place of public accommodation subject to ADA regulations. (*Id.* ¶¶ 2–3, 9–10.) Plaintiff uses a wheelchair to ambulate and visited Defendants' property, but alleges that she suffered

-1-

discrimination there based on access barriers. (*Id.* ¶¶ 1, 11). She also claims to be a "tester" for ADA compliance in places of public accommodation and often travels to such facilities for this purpose. (*Id.* ¶¶ 12, 17.) As both a patron and a tester, therefore, Plaintiff allegedly visited Defendants' location once—on February 15, 2017—before initiating this action on June 8, 2017. (*See* Doc. 1, Doc. 22-1, ¶ 4.) She apparently returned on July 19, 2017 (*see* Doc. 22-1, ¶ 4), after Defendants filed their motion to dismiss on July 7, 2017 (Doc. 15).

Defendants' property, a retail and clothing store, is located in Cocoa Beach, Brevard County, Florida, and caters to the primarily beachgoer crowd. (Doc. 11, ¶¶ 2-3 ("**Property**").) According to Plaintiff, the Property is a two-hour and forty-seven minute drive from her home in Broward County, approximately 174 miles. (Doc. 21, p. 2.) Despite this distance, Plaintiff claims to "travel along the Florida East Coast frequently," which "includes the Cocoa and Cocoa Beach areas, to which [she has] been to at least 10 times in the past several months and at least 50 times over the course of [her] lifetime." (Doc. 22-1, ¶ 2.) She asserts a "plan to return to the [P]roperty in the future," specifically in the "near future to shop, dine, and monitor its ADA conditions." (*Id.* ¶ 6.)

## II. LEGAL STANDARDS

Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and

affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is a part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976 (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003)).

### III. ANALYSIS

Defendants assert three separate grounds to dismiss Plaintiff's Amended Complaint. A favorable ruling for Defendants on their Rule 12(b)(1) motion to dismiss for lack of standing is, however, dispositive because it attacks the Court's subject matter jurisdiction over Plaintiff's claim.

Defendants challenge Plaintiff's standing to sue based on her Amended Complaint. (Doc. 11.) In response, Plaintiff submitted an affidavit describing her intention to return to the Property, along with sales receipts from her two previous trips and pictures of the store. (Docs. 22-1–22-5.) Because such evidence is extrinsic to the pleadings, the Court construes Defendants' challenge as a factual attack, and is therefore not bound to weigh Plaintiff's allegations in her Amended Complaint in the light most favorable to her. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (construing a 12(b)(1) challenge as factual because the parties submitted evidence outside of the complaint).

To establish standing, a plaintiff must allege: (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely the injury will be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Houston*, 733 F.3d at 1328. In the ADA context, when seeking prospective, injunctive relief, a plaintiff must also plausibly show that she will suffer disability discrimination by the defendant in the future. *Houston*, 733 F.3d at 1328. This means that the threat of future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id.*

Here, Plaintiff meets the first two elements of standing. First, Plaintiff has sufficiently shown an injury-in-fact because she was prevented from accessing the Property, and was therefore deprived of the equal enjoyment of Defendants' goods and services. (*See* Doc. 11, ¶ 15.) Being deterred from returning to Defendant's property in the future due to discriminatory barriers establishes a "cognizable interest for purposes of standing." *See Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) (citation and quotation marks omitted). Second, Plaintiff satisfies causation because her alleged injury-in-fact occurred at the Property where she encountered those barriers. *See De Palo v. Walker Ford Co.*, No. 8:15-cv-169-T-27AEP, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015).

Finally, Plaintiff must also demonstrate that her injury "will be redressed by a favorable decision." *See Houston*, 733 F.3d at 1328. To do so where, as here, the plaintiff seeks prospective injunctive relief, she must show that she will plausibly suffer future disability discrimination from the defendant. *See Hoewischer*, 877 F. Supp. 2d at 1222.

Analyzing the threat of future discrimination frequently turns on four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *See id.* at 1223 (citing *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007)).

Plaintiff has not shown that these factors weigh in her favor. First, by Plaintiff's own admission, Defendants' business is located 174 miles away from her home, which is almost a three-hour drive. *Cf. Houston*, 733 F.3d at 1337 (finding that a distance of 30.5 miles sufficed to establish standing, but noting, "[o]f course, different facts may demand a different conclusion" had the plaintiff lived "hundreds of miles away from the store with no particular reason to return"). The likelihood of future injury is therefore lessened based on this distance.

Second, Plaintiff's past patronage does not weigh in her favor. At the time Plaintiff initiated this action, she had allegedly visited the Property once, in February 2017. (Doc. 22-1, ¶4.) She allegedly returned in July, but because standing is determined at the time of filing, this second visit is irrelevant. *Cf. Houston*, 733 F.3d at 1336 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (finding that plaintiff's two visits to defendant's property helped establish standing because plaintiff "'attempted to return' to the non-compliant building . . . *before filing* [the] lawsuit, even after he had faced the alleged barriers during his first visit.") (emphasis added). By only visiting the Property once before filing, Plaintiff has not established that she is a frequent visitor to the Property.

The third factor also does not weigh in Plaintiff's favor because she has not demonstrated a definitive plan to return to the Property. To meet her burden here, Plaintiff stated that she plans to return in the near future (*see* Doc. 22, pp. 8–9 (citing Doc. 22-1, ¶ 6)) "to shop, dine, and to monitor [the Property's] ADA conditions" (Doc. 22-1, ¶ 6). Facially, Plaintiff's assertion is faulty—the Property is a clothing store, so she cannot "dine" there in the future. Her statement, therefore, seems formulaic at best, not an individualized plan to return. Now, Plaintiff need not specify an exact time and date of return, but must evince more than a generalized "some-day" wish to return at an unspecified point "in the near future." *See Lujan*, 504 U.S. 555, 564; *see also Access for the Disabled, Inc. v. Rosof*, No. 8:05-cv-1413-T30TBM, 2005 WL 3556046, at *2 (M.D. Fla. Dec. 28, 2005). An intent to return in the future to a place once-visited without an additional connection to the area or reason to visit again does not suffice for standing. *Cf. Houston*, 733 F.3d at 1336 (finding that, despite the distance to the store, plaintiff there had standing because the market at issue was on the way to his attorney's office in Miami, which he had reason to visit with frequency). Because Plaintiff has not shown reason to again traverse the 174-mile, almost three-hour drive to visit the Property, she fails to allege a "definite" plan to return.

Lastly, Plaintiff's history of traveling to Defendant's area weighs against a finding of future discrimination. In her Amended Complaint, Plaintiff alleged that she "has visited the property which forms the basis of this lawsuit." (Doc. 11, ¶ 11). In her response to the Court's Interrogatories, about her past patronage of the Property, Plaintiff alleged that she had "been at the [P]roperty to shop and to test ADA conditions." (Doc. 21, p. 2.)

But accompanying her response to the MTD, Plaintiff filed a statement alleging that she "travel[s] along the Florida Coast frequently," which "includes the Cocoa and Cocoa Beach areas, to which [she] ha[s] been to at least 10 times in the past several months and at least 50 times over the course of [her] lifetime." (Doc. 22-1, ¶ 2 ("**Statement**").) She referenced the Statement twice in her Response, first claiming that she "has been to [the] Florida East Coast ten (10) times in the past several months and at least fifty (50) times over her lifetime"; but then that she "traveled to the Cocoa Beach area 50 times in her lifetime and 10 times in the past several months." (Doc. 22 at 8–9.)

These vague and clashing references to Plaintiff's travel pattern fail to weigh the fourth factor in her favor. Plaintiff's factual allegations do not get the benefit of the doubt on factual attack, and it is her burden to establish the elements of standing. *See Carmichael*, 572 F.3d at 1279; *Lujan*, 504 U.S. at 561. But even if Plaintiff were to show frequency of travel to Defendants' area, meeting this factor alone would not tip the standing analysis toward her. The Court would still find, based on the totality of Plaintiff's allegations and the four factors, that Plaintiff has not met her burden to show a plausible threat that she will face future discrimination by Defendants. Thus, Plaintiff does not have standing to seek prospective, injunctive relief against Defendants.[1]

---

[1] On similar facts, district courts have reached the same conclusion. *See, e.g.*, *Bowman v. G.F.C.H. Enters.*, No. 14-22651-CIV, 2014 WL 5341883, at *3 (S.D. Fla. Oct. 20, 2014); *Lamb v. Charlotte Cty.*, 429 F. Supp. 2d 1302, 1309–10 (M.D. Fla. 2006); *Access for the Disabled*, 2005 WL 3556046, at *2.

Absent standing, Plaintiff's claims cannot continue, so the Court need not address Defendants' other ground for dismissal, or alternatively summary judgment. (Doc. 15.) Moreover, because this is a factual attack in which Plaintiff submitted evidence to support her standing in this case, further opportunity to amend her complaint is not warranted. *See, e.g.*, *Lamb*, 429 F. Supp. 2d at 1305–06, 1307–11 (granting defendant's 12(b)(1) factual attack on plaintiffs' standing and terminating case).[2] Plaintiffs' Amended Complaint, therefore, is dismissed with prejudice.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants—Beachside and Cocoa Beach Surf's Motion to Dismiss to Plaintiff—Kennedy's Amended Complaint or in the Alternative Motion for Summary Judgment (Doc. 15) is **GRANTED in part and DENIED in part**.

    a. The Motion is **GRANTED** based on Defendants' 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction.

    b. In all other respects, the Motion is **DENIED**.

2. Plaintiff Patricia Kennedy's Amended Complaint (Doc. 11) is **DISMISSED WITH PREJUDICE.**

---

[2] *See also, e.g.*, *Brother v. Rossmore Tampa Ltd. P'ship*, No. 8:03-CV-1253-T-24MAP, 2004 WL 3609350, at *2–5 (M.D. Fla. Aug. 19, 2004) (construing defendant's motion for summary judgment as a 12(b)(1) factual attack and dismissing and terminating plaintiff's case for lack of standing); *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1251–53 (M.D. Fla. 2003) (granting defendants' 12(b)(1) factual attack on plaintiff's standing and closing case).

3. The Clerk is **DIRECTED** to close this case and terminate any pending deadlines.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 25, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record