# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 01, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-14356-HH
Case Style: Patricia Kennedy v. Beachside Commerical Prop., et al
District Court Docket No: 6:17-cv-01047-RBD-GJK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14356
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-01047-RBD-GJK

PATRICIA KENNEDY, Individually,

                        Plaintiff - Appellant,

versus

BEACHSIDE COMMERCIAL PROPERTIES, LLC,
a Florida Limited Liability Company,
COCOA BEACH SURF COMPANY,
a Florida Corporation,

                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 1, 2018)

Before WILSON, JORDAN, and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Patricia Kennedy ("Plaintiff"), who is disabled, sued Defendants-Appellees Beachside Commercial Properties, LLC and Cocoa Beach Surf Company (collectively "Defendants") to compel them to bring their premises at a Port of Call at Beach ("Port of Call") store into compliance with Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA").  The district court determined Plaintiff lacked standing and dismissed her complaint for lack of subject matter jurisdiction.  After reviewing the record and the parties' briefs, we affirm.

## I.     BACKGROUND

Plaintiff Kennedy is mobility impaired and ambulates by wheelchair.  She filed her amended complaint against Defendants, alleging they failed to provide adequate facilities in the Port of Call shop in Cocoa Beach when she visited the property on February 15, 2017.  She sued for declaratory judgment and injunctive relief, seeking Defendants' compliance with ADA provisions.

### A. Plaintiff's Title III Claim

Title III provides that "[n]o individual shall be discriminated against on the basis of disability" in "any place of public accommodation." 42 U.S.C. § 12182(a).

In her amended complaint,[1] Plaintiff indicated she was both a bona fide patron of Port of Call as well as a "tester" for ADA accommodations, by which she advocates for herself and other disabled persons.  Plaintiff alleges she encountered architectural and other barriers that caused her to be barred from accessing all of the premises and otherwise caused her humiliation, including:  missing handicapped parking signs, lack of accessible routes to different store levels, merchandise obstructing wheelchair access in aisles, inaccessible and otherwise non-ADA compliant restrooms, and unsecured floor mats.

### B. Defendants' Motion to Dismiss

Defendants moved to dismiss Plaintiff's amended complaint for failure to state a claim and for lack of standing or, in the alternative, moved for summary judgment.  In this challenge to the amended complaint, Defendants raised a factual challenge to subject matter jurisdiction.  Defendants challenged Plaintiff's ability to show a real and immediate threat of future injury on the basis that she most likely would not return to Port of Call and face future discrimination.  Defendants

---

[1]     Plaintiff initially filed her complaint on June 8, 2017.  The district court, however, dismissed the complaint without prejudice on the basis that the complaint "constitute[d] an impermissible form of shotgun pleading," which appears to be a reoccurring problem with Plaintiff's filings. [*See* R. 7 at 1–2].  The district court allowed Plaintiff to refile an amended complaint correcting the many errors of the original, but Plaintiff missed the filing deadline.  [R. 8].  The district court then dismissed the complaint with prejudice.  *Id.*  Plaintiff sought relief under Fed. R. Civ. P. 60(b) on the basis of excusable neglect, and the district court allowed her to file her amended complaint and reopened the case on June 29, 2017.  [R. 10, 11].

stressed Plaintiff lives approximately 175 miles away from the premises, that she had only visited the premises once before, that she provided only "generalized allegations" of her plan(s) to return to the store, and that she failed to detail how frequently she travels in the area where the store is located. In essence, Defendants argued Plaintiff failed to meet the factors of the "proximity test" employed by district courts throughout this circuit. *See Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 832 (11th Cir. 2017); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336–37 (11th Cir. 2013); *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 455–56 (4th Cir. 2017) (citing favorably to *Houston* and other circuit court decisions for application of the proximity or similar tests).

In response to Defendants' motion, Plaintiff filed an affidavit providing details about her visit to Port of Call and her future plans to revisit the store and the general Cocoa Beach area. In that document, Plaintiff stated she first visited the Port of Call premises on February 15, 2017 and then returned on July 19, 2017. [R. 22-1 at ¶ 4]. Plaintiff stated she "travel[s] along the Florida East Coast frequently," including at least ten visits to the Cocoa Beach area "in the past several months" and "at least 50 times over the course of my lifetime." [*Id.* at ¶ 2]. Further, she indicated she "will continue to visit the area on a frequent basis[.]" *Id.*

4

She indicated she "plan[s] to return to the property in the future" so that she can "shop, dine, and . . . monitor its ADA conditions." [*Id.* at ¶ 6].

### C. Procedural History

The district court granted Defendants' motion to dismiss for lack of subject matter jurisdiction and dismissed the complaint with prejudice on September 25, 2017. In its order, the district court found Plaintiff lacked standing because she could not demonstrate redressability. [R. 25 at 4]. In addressing this final element of standing, the district court determined Plaintiff could not satisfy the four-factor proximity test. In doing so, the district court found Plaintiff's residence approximately 175 miles away from Cocoa Beach, in combination with her one visit to the store before she filed her suit, did not weigh in her favor. Further, the district court characterized Plaintiff's generalized plans to revisit "someday" to be insufficient to shift the totality of the circumstances in her favor. After finding Plaintiff most likely did not face a continuing threat of discrimination at Port of Call, the district court dismissed her complaint for her lack of standing. Plaintiff thereafter perfected this appeal.

## II.    STANDARD OF REVIEW

"In reviewing a district court's dismissal of a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, we review the district court's legal

conclusions *de novo*, including the court's conclusion concerning standing." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). "We review the district court's 'findings of jurisdictional facts for clear error.'" *Id.* (quoting *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)).

## III.   DISCUSSION

### A. Article III Standing Requirements

In order to satisfy the requirements for Article III standing under the Constitution, Plaintiff must satisfy three requirements: (1) injury-in-fact, (2) "a causal connection between the asserted injury-in-fact and the challenged action of" Defendants, and (3) "that the injury will be redressed by a favorable decision." *Houston*, 733 F.3d at 1328 (internal marks and citations omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992). The second and third elements of standing are easily met and are not challenged on appeal. We conclude Plaintiff has adequately shown both causation and redressability.[2]

---

[2] In its order, the district court found Plaintiff had established the first two prongs of standing—that of an injury-in-fact and causation. [*See* R. 25 at p. 4]. The district court's analysis of the redressability element follows our case law as set forth in *Houston* and other decisions. The *Houston* court is clear, however, that the analysis of the threat of future harm speaks to the question of an injury-in-fact and not redressability. *See Houston*, 733 F.3d at 1328; *Silva*, 856 F.3d at 832. This minor error in nomenclature, however, is hardly a reason to overturn the district court's well-reasoned analysis.

The hurdle Plaintiff faces, thus, is the question of whether Plaintiff suffered an injury-in-fact. *See Houston*, 733 F.3d at 1328. In order to meet the constitutional requirements for standing in a suit seeking injunctive relief, Plaintiff must do more than show that she was injured in the past; rather, she must also demonstrate "a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Id.* (internal marks and citation omitted). To do so, Plaintiff must "show[ ] 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" *Id.* at 1329 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (emphasis in the original)). Thus, "to have standing, Plaintiff [Kennedy] must show past injury and a real and immediate threat of future injury." *Id.* As this court recently noted, "[i]n the ADA context, our standing inquiry has focused on the frequency of the plaintiff's visits to the defendant's business and the definitiveness of the plaintiff's plan to return." *Silva*, 856 F.3d at 832 (citing *Houston*, 733 F.3d at 1337 n. 6) ("While we consider each of the four factors [of the proximity test] in reaching our decision today, we note that these factors are not exclusive and that no single factor is dispositive. District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury.").

**B. Article III Standing Analysis**

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). In this case, Defendants challenged Plaintiff's standing on the basis of extrinsic material found outside of the amended complaint, namely in Plaintiff's affidavit and response to the district court's interrogatories. *See id.* ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."); *see also Houston*, 733 F.3d at 1336. On this basis, we consider not only what Plaintiff has alleged in her amended complaint but also the factual information she provided in her court filings. Plaintiff, who lives approximately 175 miles away from the Cocoa Beach area, visited Defendants' store only once, in February 2017, before filing her complaint in June 2017.[3] Plaintiff further stated she had visited the general area about ten times in recent months and about fifty times over the course of her lifetime. She further claimed she "will continue to visit the area on a

---

[3] It is true that Plaintiff revisited the premises at Port of Call in July 2017 after the filing of her suit and has, thus, visited at least twice. Like the district court, however, we cannot consider her second, post-filing visit to determine standing. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005) ("However, in making the necessary preliminary determination of *what claims the plaintiff has actually raised* (and therefore, what claims he must have standing to raise), we are bound by the contents of the plaintiff's pleadings . . . .") (emphasis in the original).

frequent basis" and indicated she "plan[s] to return to the property in the future" so that she can "shop, dine, and . . . monitor its ADA conditions."  We also take note that Port of Call has closed since Plaintiff's filing of her initial suit, although Defendant Beachside Commercial Properties, LLC still owns the premises.

In taking all of the factual allegations and the totality of the circumstances into consideration, we conclude that Plaintiff has failed to demonstrate a "real and immediate threat of future injury" and thus cannot meet the requirements for standing.  Plaintiff's singular documented visit to Port of Call does not weigh in her favor.  As we noted in *Shotz*, a plaintiff seeking injunctive relief under Title III must "have attempted to return" or at the minimum "intend to do so in the future." 256 F.3d at 1081.  Like in *Shotz*, Plaintiff only visited the allegedly non-complaint premises once before filing her complaint (and even her amended complaint) and thus cannot claim that her singular past injury presents evidence suggesting future injury.  *Compare Shotz*, 256 F.3d at 1082 (concluding that a single visit to a non-complaint building with no expressed intent to return amounted to "conjectural, hypothetical, or contingent" rather than "real and immediate" future discrimination"), *with Houston*, 733 F.3d at 1336 (determining plaintiff's multiple visits to the discriminating premises before he filed suit evidenced a future threat of continued discrimination).

Further, Plaintiff's generalized intent to return to the Cocoa Beach area sometime in the future does not bolster her case. Plaintiff lives about three hours away from the area and has no definitive plans to return to Port of Call (which, we note, is now impossible, as the store has closed). Her vague intent to return to shop and monitor the premises cannot pass constitutional muster. Unlike the plaintiff in *Houston* who lived only thirty miles away and had both definitive plans and sound reason to revisit the area, Plaintiff uses overly-broad and vague language as a "catch-all" to hope that her claim will stick. While neither our court nor the Supreme Court require detailed or concrete travel plans to revisit a place to meet standing requirements, case law requires more immediacy than a "someday" plan. *See Houston*, 733 F.3d at 1338–40. For example, in its factually-specific inquiry into standing, this court determined Houston did have standing in part because "Houston visits his lawyer's offices near the [non-compliant premises] on a frequent basis and, thus, drives by the store frequently. During these trips to his lawyer's office in the near future, he wants to visit the store. Unlike the plaintiffs in *Lujan*, Houston has averred a concrete and realistic plan of when he would visit the store again." *Id.* at 1340. Unlike the plaintiff in *Houston*, Plaintiff cannot point to anything in the record that supports a "concrete and realistic plan" to revisit Defendants' premises. *See id.*; *see also Silva*, 856 F.3d at 832 (concluding

10

plaintiffs did have standing to seek injunctive relief for alleged ADA violations on the basis that they visited the hospital frequently for appointments and had strong evidence supporting the likelihood of future visits).

In this fact-sensitive inquiry—as that of standing must be[4]—we conclude Plaintiff does not have standing to seek injunctive relief against Defendants. The totality of the circumstances surrounding her past visit to Port of Call, the store's subsequent closing, and the formulaic assertion of a generalized intent to return to the premises and/or the area do not amount to a "real and immediate" threat of future injury.

### IV. CONCLUSION

Having concluded Plaintiff lacks standing, we do not reach Plaintiff's remaining pettifogging arguments. For the reasons set forth above, we affirm the district court's judgment of dismissal for lack of subject matter jurisdiction.

**AFFIRMED**.

---

[4] We have previously noted, "determining standing for injunctive relief is often a fact-sensitive inquiry" and that "each plaintiff must establish standing on the facts of the case before the court." *Houston*, 733 F.3d at 1340.

11